■ TENNIS EDGE INC., Appellant, v STADIUM RACQUET CLUB, Respondent. [759 NYS2d 460] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 6, 2002, which, in an action by a tennis instructor against a tennis club purporting to seek a declaration that "[defendant] cannot terminate the [parties'] agreement," denied plaintiff's motion for a preliminary injunction prohibiting defendant from excluding plaintiff from its facility, unanimously affirmed, without costs.

There is no merit to plaintiff's claim that its exclusion from defendant's facility will cause it irreparable harm because it will not be able to market itself for the upcoming season or engage another facility. The parties have a contract for a definite term of years that sets forth a schedule of fees that defendant is to pay plaintiff for various instructional services at its facility. If defendant is not paying those fees or otherwise not performing its end of the bargain, plaintiff's remedy is damages for breach of contract. No reason appears why that remedy is inadequate (*see Scotto v Mei*, 219 AD2d 181, 184 [1996]). Concur—Buckley, P.J., Andrias, Saxe, Lerner and Marlow, JJ.